21 F.3d 1122
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Bobby Gene STEWART, Petitioner-Appellant,
v.
R. Michael CODY and Attorney General of the State of
Oklahoma, Respondents-Appellees.
 No. 93-7102.
 United States Court of Appeals, Tenth Circuit.
 April 12, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Bobby Gene Stewart appeals from the district court's Order of August 23, 1993, denying his petition for habeas corpus on the ground of procedural bar. Mr. Stewart was convicted of robbery with firearms after former conviction of two or more felonies, and was sentenced to fifty years imprisonment. Mr. Stewart filed a direct appeal, and his conviction was affirmed. On August 20, 1987, Mr. Stewart filed an application for post-conviction relief in the Oklahoma state courts. That application was dismissed on the ground that all of the issues raised either had been or could have been raised in Mr. Stewart's direct appeal. The Oklahoma Court of Criminal Appeals affirmed this dismissal on January 14, 1988. Mr. Stewart filed a second application for post-conviction relief, which was denied on August 26, 1991, because it raised no issues that could not have been raised in Mr. Stewart's direct appeal. The Oklahoma Court of Criminal Appeals affirmed this denial on January 10, 1992.
 
 
 3
 Mr. Stewart then filed the instant petition for habeas corpus, raising the same claims he had presented in his second application for post-conviction relief in the state courts. Those claims are: 1) that the District Court of Muskogee County violated his rights to a fair and adequate appeal by not transferring the transcript of the hearing on his Motion for New Trial in the designation of the record on appeal; 2) that the state trial judge erred in failing to recuse himself from Mr. Stewart's application for post-conviction relief because the judge had an interest in upholding the trial determination; and 3) that the trial court erred in failing to hold an evidentiary hearing on his application for post-conviction relief. The district court found that the Oklahoma Court of Criminal Appeals had denied Mr. Stewart's second post-conviction appeal on procedural grounds, thus barring habeas review. The district court also considered the substance of Mr. Stewart's claims and found them meritless. On appeal, Mr. Stewart argues that the district court erred in holding that his claims were procedurally barred.[2]
 
 
 4
 After reviewing the briefs of the parties, the Order of the district court, the Order of the Muskogee County District Court denying Mr. Stewart's application for post-conviction relief, the Order of the Oklahoma Court of Criminal Appeals affirming that ruling, and the remainder of the record on appeal, we AFFIRM for substantially the reasons set forth in the district court's Order.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Mr. Stewart also argues that even if the claims were procedurally defaulted, such default should be excused because it was caused by ineffective assistance of counsel, in that counsel failed to raise his claims on direct appeal. On this point, Respondent argues that Mr. Stewart failed to raise any claims of ineffective assistance in his state court collateral proceedings and that such claims therefore may not serve to excuse his state procedural defaults. It is not clear from the district court's Order whether that court considered this aspect of Mr. Stewart's petition, nor is it clear from the record whether Mr. Stewart raised his ineffective assistance claims in the state collateral proceedings. Nevertheless, we have thoroughly reviewed Mr. Stewart's claims in this regard, and hold that on the record before us, there was no ineffective assistance of counsel in Mr. Stewart's direct appeal. Consequently, ineffective assistance of counsel could not have excused Mr. Stewart's procedural default